Stephen Montoya (#011791)
**Montoya, Jimenez & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Cheatham,<br><br>Plaintiff,<br><br>v.<br><br>City of Phoenix<br><br>Defendant. | No.  CV 13-0641-PHX-GMS<br><br>**PLAINTIFF RESPONSE TO DEFENDANT'S MOTION TO DISMISS**<br><br>(Oral Argument Requested) |

Because Plaintiff has sufficiently and plausibly pled his legal claims against Defendant, and Defendant is <u>not</u> entitled to judgment as a matter of law on any of Plaintiff's claims, this Court should deny Defendant's <u>Motion to Dismiss</u> Plaintiff's <u>Complaint</u>.  This <u>Response</u> is supported by the following <u>Memorandum of Points and Authorities</u>.

Respectfully submitted this 10th day of June 2013.

**MONTOYA, JIMENEZ & PASTOR, P.A.**

s/ Stephen Montoya
Stephen Montoya
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.**     **Factual Background:**

Frank Cheatham has been employed by the City of Phoenix Fire Department since 1979. See Plaintiff's Complaint, Clerk's Docket No. 1, ¶ 7. Mr. Cheatham's job performance during his thirty-four year tenure with the Phoenix Fire Department has been uniformly excellent, as reflected by the fact that the Fire Department has repeatedly promoted him to positions of increasing responsibility within the Department.  ¶ 8.  Specifically, during his career with the Phoenix Fire Department, the Department promoted Mr. Cheatham to the positions of Fire Engineer, Fire Captain, Fire Battalion Chief, and Fire Battalion Deputy Chief Shift Commander. ¶ 9.  Moreover, Chief Cheatham has never been disciplined in over three decades of service to the Phoenix Fire Department.  ¶ 10.

Notwithstanding Chief Cheatham's track record of sustained success at the Phoenix Fire Department, his career with the Department took a precipitous downturn in the Fall of 2009.  Specifically, in November of 2009, while acting in his official capacity as a "Deputy Chief Shift Commander" of "South Shift Command," Chief Cheatham saw some sexually explicit drawings openly displayed in the workplace at Fire Station 1, specifically, two drawings of a penis and testicles.  ¶ 11.

The explicit sexual drawings of which Chief Cheatham complained violated the Fire Department's policies prohibiting sexually offensive materials in the workplace.  ¶ 13.  Chief Cheatham also reasonably believed that the explicit

sexual drawings violated Title VII of the Civil Rights Act of 1964 because they created a sexually hostile work environment.  ¶ 14.  Accordingly, pursuant to his official duties with the Fire Department, Chief Cheatham admonished the supervisors at Fire Station 1 that such drawings were inappropriate and would not be tolerated in the future.  ¶ 15.

After Chief Cheatham admonished the supervisors of Fire Station 1 regarding the sexually explicit drawings, the Battalion Chief who supervised Fire Station 1 asked Chief Cheatham and his assistant to no longer take their meals at Fire Station 1, where both Chief Cheatham and his assistant often took their meals while at work.  ¶ 16.  The same Battalion Chief at Fire Station 1 also told Chief Cheatham that the firefighters at Fire Station 1 would never trust Chief Cheatham's assistant again and considered him to be a "spy" for Chief Cheatham.  ¶ 17.

Soon after Chief Cheatham complained of the explicit sexual drawings at Fire Station 1, when he was exercising at a gym at the Phoenix Fire Department, he saw a t-shirt bearing yet another drawing of a penis and testicles prominently draped over a piece of gym equipment for everyone to see.  ¶ 18.

Soon thereafter, Chief Cheatham received a large brown envelope in interoffice mail containing two small pieces of pasta, one of which resembled a penis and the other of which resembled a vagina.  ¶ 19.  The piece of pasta resembling a vagina had Chief Cheatham's first name ("Frank") written on it.  ¶ 20.

In February of 2010, Chief Cheatham began hearing rumors that he would be removed from his position as Deputy Chief Shift Commander of South Shift Command.  ¶ 21.  In March of 2010, Chief Cheatham was officially informed that the Department was removing him from his position of Deputy Chief Shift Commander of South Shift Command and involuntarily transferring him to the Department's "Safety Division."  ¶ 22.

Chief Cheatham's job duties at the Fire Department's "Safety Division" are undefined, do not involve the supervision of any firefighters, do not require him to exercise his management skills, and leave him with little work to do all day.  ¶ 23. Moreover, in his position at the Department's Safety Division, Chief Cheatham has no direct reports, no indirect reports, no staff, and no subordinates.  ¶ 24.

In contrast, while serving as Deputy Chief Shift Commander of South Shift Command, Chief Cheatham had three (3) full-time staff members, directly supervised four (4) battalion chiefs, and indirectly supervised approximately 440 firefighters.  ¶ 25.

In addition, Chief Cheatham has less favorable working hours in his new position in the Safety Division than the hours that he enjoyed as Deputy Fire Chief Shift Commander of South Shift Command.  ¶ 26.  Chief Cheatham's position in the Fire Department's Safety Division also has far less prestige than his former position of Deputy Chief Shift Commander of South Shift Command.  ¶ 27.

The retaliatory harassment, de facto demotion, and involuntary transfer summarized above were in direct retaliation for Chief Cheatham's complaints of discrimination in the workplace at the Phoenix Fire Department.  ¶ 29.

Chief Cheatham repeatedly complained of the harassment and retaliation summarized above to the appropriate authorities at the City of Phoenix. ¶ 30. Notwithstanding Chief Cheatham's complaints, the City failed to stop the harassment and failed to remediate the retaliation. ¶ 31.

Based on the retaliatory conduct of the Phoenix Fire Department as summarized above, Chief Cheatham timely filed a Charge of Discrimination against the City of Phoenix with the United States Equal Employment Opportunity Commission (the "EEOC") on June 1, 2010. ¶ 34. After investigating Chief Cheatham's Charge of Discrimination against the City of Phoenix, the EEOC concluded that:

> I have considered all of the evidence obtained during the investigation and find there is reasonable cause to believe that Respondent [the City of Phoenix] violated Title VII when it subjected Charging Party [Frank Cheatham] to unlawful sexual harassment and retaliated against him for complaining about a sexually hostile work environment.   The retaliation included failing to take appropriate action against a subordinate employee who sent Charging Party a letter that was retaliatory in nature and demoting Charging Party.

¶ 35.

**II.    Legal Argument:**

**A.    Chief Cheatham's Complaint satisfies the requirements of Fed. R. Civ. P. 12(b)(6).**

The City first contends that the Court should dismiss (all or part of) Chief Cheatham's Complaint under Fed. R. Civ. P. 12(b)(6) "for failure to state a claim," citing Bell Atlantic Crop. v. Twombly, 550 U.S. 544 (2007).  See Defendant's Motion to Dismiss, p. 4, lines 22-24.  Apparently the City is contending that Chief

Cheatham's <u>Complaint</u> is not sufficiently factually specific or is implausible on its face and hence does not satisfy the requirements of Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint; it is <u>not</u> a mechanism to decide the merits of a dispute. <u>See</u>, <u>e.g.</u>, <u>Gibson v. City of Chicago</u>, 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, all well-pleaded factual allegations of the complaint are accepted as true, and all reasonable inferences are drawn in plaintiff's favor. <u>Broam v. Bogan</u>, 320 F.3d 1023, 1028 (9th Cir. 2003). In evaluating a motion to dismiss under Rule 12(b)(6), "the issue is <u>not</u> whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 511 (2002) (quotation omitted). For that reason, a complaint alleging discrimination need <u>not</u> raise every element of the <u>prima</u> <u>facie</u> case in order to survive a motion to dismiss. <u>Id</u>. at 508. Rather, it is enough if the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2). <u>Id</u>.

Indeed, the purpose of a complaint is merely to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Accordingly, a complaint need <u>not</u> include "detailed factual allegations," but must only provide "enough facts to state a claim for relief that is plausible on its face." <u>Id</u>. at 569-570.

The Ninth Circuit discussed the standard governing Rule 12(b)(6) motions in <u>Johnson v. Riverside Healthcare System</u>, 534 F.3d 1116, 1121-1122 (9th Cir. 2008):

A Rule 12(b)(6) dismissal may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In other words, Johnson's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This is not an onerous burden. "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 (2007) (internal quotation marks omitted). Still, Johnson's complaint must, at a minimum, plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Finally, in reviewing the district court's decision, we view Johnson's complaint in the light most favorable to him, accepting all well-pleaded factual allegations as true, as well as any reasonable inferences drawn from them. Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003).

(Emphasis added). Mr. Cheatham's Complaint clearly sets forth sufficient facts to "state a claim for relief that is plausible on its face" as to every material element of his claim. In summary, before Chief Cheatham complained about the sexually explicit drawings at the Fire Department, he was happy in his position as South Shift Commander, enjoyed a staff of three employees, directly supervised four battalion chiefs, and indirectly supervised over 400 firefighters. Soon after Chief Cheatham complained of sexually offensive materials in the workplace, he was involuntarily transferred to a position where he had no staff members, had no battalion chiefs under his supervision, was not in charge of any firefighters, and had little work to do.

Based on these allegations, Mr. Cheatham's Complaint raises serious claims against the City that—if proven—constitute grave violations of the federal civil rights laws prohibiting retaliation. The Court should consequently deny the City's Motion to Dismiss and allow Chief Cheatham to proceed to prove his case

based on the evidence.

**B.     Chief Cheatham may be entitled to declaratory and injunctive relief.**

The City next contends that it is entitled to judgment as a matter of law because Chief Cheatham lacks "standing" to pursue his claims for declaratory and injunctive relief.  See Defendant's Motion, p. 7, lines 15-7, pp. 8-9.  This contention is also without merit.

Under the 1991 amendments to Title VII, victims of discrimination in the workplace are entitled to monetary damages for pain and suffering.  See 42 U.S.C. §1981a(b)(3).  Because Chief Cheatham is seeking an award of money damages against the City of Phoenix, this dispute clearly raises a "case or controversy" between him and the City for purposes of establishing jurisdiction under Article III of the Constitution of the United States.  See, e.g., Gomez v. Alexian Bros. Hosp. of San Jose, 698 F.2d 1019, 1020-21 (9th Cir. 1983) (an employee who was caused "humiliation and embarrassment" by national origin discrimination has alleged a "case or controversy" under Article III).

In addition to seeking an award of money damages, Chief Cheatham requested equitable (e.g., declaratory and injunctive) relief in his Complaint, thereby preserving his right to request the Court to exercise its equitable power to reinstate him to the position of "South Shift Commander" at the close of evidence at trial, the position that Chief Cheatham held before he complained of sexually offensive materials in the workplace at the City of Phoenix Fire Department.

Long before plaintiffs were entitled to seek money damages under Title VII,

Title VII expressly authorized courts to grant aggrieved employees both declaratory and injunctive relief. See generally, Robert D. Loevy, The Civil Rights Act of 1964; The Passage of the Law That Ended Racial Discrimination, p. 8-9 (1997). Specifically, Title VII provides:

> **(g)  Injunctions;  appropriate  affirmative  action; equitable relief; accrual of back pay; reduction of back pay; limitations on judicial orders**
>
> If  the  court  finds  that  the  respondent  has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint,  the  court  may  enjoin  the  respondent from  engaging  in  such  unlawful  employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to,  reinstatement  or  hiring  of  employees,  with  or without  back  pay  (payable  by  the  employer, employment agency, or labor organization, as the case  may  be,  responsible  for  the  unlawful employment practice), or any other equitable relief as the court deems appropriate.

42 U.S.C. §2000c-5 (g).  See, e.g., Freitag v. Ayers, 468 F.3d 528, 547 (9th Cir. 2006) (affirming district court's grant of injunctive relief under Title VII), and Smallwood v. National Can Co., 583 F.2d 419, 420-421 (9th Cir. 1978) (same). As indicated above, depending upon the nature of the factual record of the case at the close of evidence at trial, Chief Cheatham may elect to request the Court to grant him either declaratory or injunctive relief.  Chief Cheatham prayed for such relief in his Complaint in order not to preclude the Court from granting it in the future.

Of course, if Chief Cheatham elects not to ultimately move the Court for equitable relief, this issue may be moot.  However, at this early juncture, the City's

blanket assertion that Mr. Cheatham is not entitled to declaratory and injunctive relief as a matter of law is invalid because it is premature.

### C.   Chief Cheatham is <u>not</u> seeking punitive damages.

As Chief Cheatham's legal counsel attempted to explain to the City's legal counsel before the City filed its present <u>Motion</u>, Chief Cheatham will <u>not</u> be seeking an award of punitive damages against the City.

### D.   Chief Cheatham is entitled to attorney fees when he prevails on the merits of this case.

Paragraph E on page 7 of Chief Cheatham's <u>Complaint</u> states that:

> Award Plaintiff his attorney's fees and costs under 42 U.S.C. §1988, 42 U.S.C §2000e-5 (k) and any other applicable law;

Title VII, 42 U.S.C. §2000e-5 (k), provides that:

> **k)   Attorney's fee; liability of Commission and United States for costs**
>
> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Although in his <u>Complaint</u> Chief Cheatham prayed for an award of attorney fees under 42 U.S.C. §1988 <u>and</u> 42 U.S.C. §2000e-5 (k)—notwithstanding the inapplicability of 42 U.S.C. §1988 to Title VII claims—he is clearly entitled to attorney fees if and when he prevails in this action under 42 U.S.C. §2000e-5 (k).

### E.   Chief Cheatham is <u>not</u> seeking relief on behalf of third-parties.

In his <u>Complaint</u>, Chief Cheatham alleges that the City of Phoenix

Fire Department is engaging in "a pattern and practice of retaliating against its employees who complain of discrimination in the workplace." Complaint ¶ 32. Chief Cheatham included this allegation in his Complaint because he may use instances of the retaliation against third-parties by the Fire Department to help establish his retaliation claim against the City. See, e.g., Heyne v. Caruso, 69 F.3d 1475, 1480 (9th Cir. 1995) ("[e]vidence of  . . . sexual harassment of [third-parties] may be used, however, to prove his motive or intent"), and Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261 (11th Cir. 2008) ("[w]e have upheld the admission of coworker testimony in a sexual harassment context under Rule 404 (b) to prove the defendant's . . . intent . . . to discriminate against the plaintiff").  Moreover, "pattern and practice" evidence might be relevant in reference to Chief Cheatham's potential request for injunctive relief at the close of evidence at trial.

Significantly, in his Complaint, Chief Cheatham does not seek relief on behalf of third-parties; nor did he assert his Complaint under Federal Rule of Civil Procedure 23.

Accordingly, the City's assertion that Chief Cheatham is not entitled to seek relief on behalf of unnamed third-parties—while true—is irrelevant.

**Conclusion:**

For the foregoing reasons, Defendant's Motion to Dismiss should be DENIED.

Respectfully submitted this 10th day of June 2013.

**MONTOYA, JIMENEZ & PASTOR, P.A.**

s/ Stephen Montoya
Stephen Montoya
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorney for Plaintiff

I hereby certify that on June 10, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

Barry H. Uhrman
Assistant City Attorney
Office of the Phoenix City Attorney
Gary Verburg, City Attorney
200 West Washington, Suite 1300
Phoenix, Arizona 85003
Attorney for Defendant

s/ Stephen Montoya