OFFICE OF THE PHOENIX CITY ATTORNEY
GARY VERBURG, City Attorney
State Bar No. 005515
200 W. Washington, Suite 1300
Phoenix, Arizona  85003-1611
Telephone:  (602) 262-6761
law.civil.minute.entries@phoenix.gov

Barry H. Uhrman, State Bar No. 020714
Assistant City Attorney
barry.uhrman@phoenix.gov

Attorney for City of Phoenix

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Cheatham, | No. CV 13-00641-GMS |
| Plaintiff, | **REPLY IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFENDANT CITY OF PHOENIX** |
| vs. | |
| City of Phoenix, | (Oral Argument Requested) |
| Defendant. | |

Plaintiff's Complaint lacks facts to demonstrate standing, and his conclusory allegations of civil rights violations are insufficient as a matter of law to state claims for declaratory relief or injunctive relief.  Plaintiff failed to identify a present, justiciable controversy for purposes of obtaining such relief, as past exposure to allegedly illegal conduct alone does not in itself show a present case or controversy.  In fact, Plaintiff does not even *allege* a real and immediate threat of repeated injury.

As a matter of law, it cannot be disputed that no relief could be granted to Plaintiff under any set of facts that could be proved consistent with his allegations as to these claims.  Consequently, this Court should dismiss Plaintiff's claims for declaratory relief and injunctive relief in their entirety.

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

The City's Reply in Support of its Motion to Dismiss is supported by the following Memorandum of Points and Authorities and the Court's entire record in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PLAINTIFF'S CLAIMS AGAINST THE CITY OF PHOENIX

Plaintiff filed his Complaint against the City of Phoenix only; no individuals are named as defendants in this lawsuit.  For his claims against the City, Plaintiff requested that this Court:

A.   Issue a declaratory judgment that the retaliatory conduct of Defendant as described [in the Complaint] violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended;

B.   Award Plaintiff nominal damages in the amount of $1.00;

C.   Issue an injunction ordering the City not to retaliate against Plaintiff in the future;

D.   Award Plaintiff compensatory and punitive damages against Defendant in amount to be determined at trial;

E.   Award Plaintiff his attorney's fees and costs under 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k) and any other applicable law; and

F.   Award Plaintiff all other relief just and appropriate under the circumstances.

(Dkt. # 1, p. 7).

In his Response, Plaintiff conceded that he is not seeking punitive damages (Dkt. #13, p. 10, lines 5-7) and that he is not seeking an award of attorney's fees pursuant to 42 U.S.C. § 1988, as that statute is inapplicable to Title VII claims. (Dkt. #13, p. 10, lines 22-25).  In addition, Plaintiff conceded that he is not seeking relief on behalf of third parties, nor is he asserting any claims or allegations pursuant to Fed. R. Civ. P. 23. (Dkt. #13, pp. 6-7).

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

## II.   PLAINTIFF'S CLAIMS FOR RELIEF FAIL AS A MATTER OF LAW

As the City set forth in its Motion to Dismiss (Dkt. # 10, pp. 6-10), Plaintiff's claims for declaratory and injunctive relief are deficient as a matter of law because Plaintiff failed to identify a present, justiciable controversy for purposes of the Declaratory Judgment Act, 28 U.S.C. § 2201.   Past exposure to allegedly illegal conduct alone does not in itself show a present case or controversy.   As a result, Plaintiff lacks standing to pursue his claims for declaratory and injunctive relief.

### A.   Plaintiff Failed to Respond to the City's Arguments Regarding His Claim for Declaratory Relief, and His Request for a Declaratory Judgment Should be Dismissed.

In his Response, Plaintiff did not address the City's arguments regarding the Declaratory Judgment Act or inability of Plaintiff to seek declaratory relief.   By failing to respond to the City's arguments in its Motion to Dismiss, Plaintiff has waived these issues and abandoned the claim. *See Horne v. USDE*, No. CV-08-1141-PHX-MHM, 2009 U.S. Dist. LEXIS 24016, *13 (D. Ariz. Mar. 23, 2009) ("Because the state's [response to the Motion to Dismiss] failed to address the allegations that an enforceable contract cannot be established under the facts of this case, that argument must be deemed waived."); *see also Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff abandoned two claims by not raising them in opposition to the motion for summary judgment); *Doe v. Dickenson*, 615 F.Supp.2d 1002, 1010 (D. Ariz. 2009) (by failing to respond to the city's arguments regarding the "moving force" behind an asserted constitutional violation, the plaintiffs "are deemed to have waived the issue").   Accordingly, Plaintiff has failed to state a claim for declaratory relief, and this claim must be dismissed.

To the extent the Court nevertheless considers the viability of Plaintiff's request for a declaratory judgment, Plaintiff's Complaint is deficient as a matter of law for the reasons delineated below and those previously set forth in the City's Motion to Dismiss (Dkt. # 10, pp. 6-19).

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

**B.      Plaintiff's Declaratory Relief Claim Fails as a Matter of Law.**

Plaintiff is seeking declaratory relief from this Court on one matter – that the alleged retaliatory conduct set forth in this Complaint violates Title VII. (Dkt. #1, p. 7).  As a matter of law, this allegation is insufficient to state a claim for declaratory relief, as there is no present controversy and Plaintiff lacks standing to pursue this claim.

**1.      There is No Present Controversy in This Matter.**

Plaintiff is only entitled to present a claim under the Declaratory Judgment Act if he can identify a present justiciable controversy.  The purpose of the Declaratory Judgment Act is to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued. *See, e.g., Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167-68 (7th Cir. 1969).  However, there must be a justiciable controversy. This requires that Plaintiff have a "personal stake" in the outcome – i.e., that he has sustained or is immediately in danger of sustaining some direct injury. *See City of Los Angeles v. Lyons*, 103 S.Ct. 1660, 1665 (1983).  It assures "concrete adverseness which sharpens the presentation of issues necessary for the proper resolution of constitutional questions." *Id*.  "Past exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." *Id*. (citations omitted).

As demonstrated by the City in its Motion to Dismiss (Dkt. # 10, pp. 6-19), Plaintiff's factual allegations demonstrate that this is simply not a declaratory judgment case.  The complaint is devoid of facts showing any ongoing controversy, let alone an "immediate" one.[1]   The Complaint does not allege facts showing that Plaintiff is

---

[1] To the extent Plaintiff makes the conclusory allegation there is an "actual controversy" between him and the City – at least as to the claim for declaratory relief, if not any other claim (Dkt. #1, p. 7) – this Court need not accept that legal conclusion. Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990); *see also West v. Brewer*, CV-11-01409-PHX-NVW, 2011 WL 2912699, *2, (D. Ariz. July 20, 2011) (citing *Balistreri*); *Cook v.*

4

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

uncertain of his rights, and that he needs a declaration to avoid accrual of avoidable damages.  He alleges no facts showing he is immediately in danger of sustaining direct injury.  Plaintiff complains that he was directly sexually harassed on one occasion, over three years ago, and that there are two other "incidents" of other sexual harassment, also over three years ago.[2]  His allegation of retaliation also occurred over three years ago, and, as with his harassment claim, there are no facts showing Plaintiff is immediately in danger of sustaining any direct or immediate injury.  Truthfully, his complaint does not even state a claim for a past federal violation for purposes of the Declaratory Judgment Act, let alone that he is immediately in danger of sustaining some direct federal injury.

As such, Plaintiff's Complaint fails to state a claim for declaratory relief.  *See Rhoades v. Avon Products, Inc.* 504 F.3d 1151, 1157 (9th Cir. 2007) (absent a true case or controversy, a complaint for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction).  As a result, the Court should grant the City's Motion to Dismiss and dismiss Plaintiff's request for a declaratory judgment.

### 2.    Plaintiff Lacks Standing to Pursue His Claim.

The gaps in Plaintiff's allegations demonstrate he lacks standing to seek declaratory relief.  To invoke federal jurisdiction, a plaintiff must demonstrate that he has suffered an injury-in-fact that is both "concrete and particularized," and "actual or imminent, not conjectural or hypothetical"; that the injury is "fairly . . . traceable to the challenged action of the defendant"; and that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision" on the plaintiff's

---

*Brewer*, CV 10-2454-PHX-RCB, 2011 WL 251470, *2 (D. Ariz. Jan. 26, 2011) (same). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th Cir. 1994); *see also West*, 2011 WL 2912699, at *2 (quoting *Clegg*); *Cook*, 2011 WL 251470, *2 (same).

[2] As noted earlier, Plaintiff has not specifically asserted any allegation of sexual harassment after November 2009.  In fact, Plaintiff alleged that all instances of sexual harassment took place between November 2009 and some point before February 2010. (Dkt. #1, ¶¶ 11-21).

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

claims for relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The "gist of the question of standing" is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult [legal] questions." *Baker v. Carr*, 369 U.S. 186, 204 (1962).

Plaintiff's Complaint fails this analysis. As set forth above and in the City's Motion to Dismiss (Dkt. # 10, pp. 6-9), the Complaint alleges no facts (Dkt. #1, ¶¶ 11-21) showing that Plaintiff is in immediate danger of sustaining direct injury, which defeats Article III standing (in addition to failing to state a declaratory judgment claim). *See Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006). Furthermore, Plaintiff's claims are not redressable by declaratory relief. *See Lujan*, 504 U.S. at 560; *see also Levine v. Vilsack*, 587 F.3d 986, 991-92 (9th Cir. 2009) (to establish standing, a plaintiff must show that a favorable decision will likely redress his injury). Redressability does not exist where "any prospective benefits depend on an independent actor who retains broad and legitimate discretion the courts cannot presume either to control or predict." *Id*. And a declaratory judgment addressing how an employment discrimination claim was handled or investigated would not compel unknown individuals in the future to handle a different dispute with its own unique facts differently.

Finally, past exposure to allegedly illegal conduct does not in itself show a present case or controversy. In the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing. *See Leu v. International Boundary Comm'n*, 605 F.3d 693, 694 (9th Cir. 2010) (citation omitted); *see also Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) (absent a true case or controversy, a complaint for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction). To the extent that Plaintiff merely seeks to have the City's actions regarding his allegations of retaliation declared unlawful, that is "not an acceptable Article III remedy." *See Steel Co. v. Citizens for a Better Env't*, 118 S.Ct. 1003, 1018-19 (1998) ("psychic satisfaction," seeing "that a wrongdoer gets his just deserts," or

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

ensuring another is punished for infractions, are not cognizable Article III remedies); *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 962 (6th Cir. 2009) ("In the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing."); *see also Leu*, 605 F.3d at 694 (citing *Steel Co.* and *Fieger*).

In short, Plaintiff's Complaint lacks facts showing a justiciable controversy or standing, and thus fails to state a claim for declaratory relief.

### C.    Plaintiff's Injunctive Relief Claim Fails as a Matter of Law.

As set forth in the City's Motion to Dismiss (Dkt. # 10, pp. 9-10), Plaintiff's claim for injunctive relief is similar and suffers the same deficiencies as his claim for declaratory relief. He seeks an injunction from this Court directing the City not to retaliate against Plaintiff in the future – something that is already prohibited by Title VII.

As with the declaratory relief claim, the Court lacks Article III jurisdiction over the injunctive claims. Plaintiff lacks standing to seek injunctive relief, as he fails to allege facts showing a current case or controversy or an actual or imminent concrete and particularized injury in fact, or a likelihood of future harm.

Once a plaintiff has been (allegedly) wronged, he is entitled to injunctive relief *only* if he can show that he faces a "real or immediate threat . . . that he will again be wronged in a similar way." *Lyons*, 103 S.Ct. at 1670. "It is the reality of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions. The emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant." *Id*. at 1667, n. 8. Again, as set forth above, past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects.

Plaintiff has not alleged facts to make any of these showings. As noted earlier and in the City's Motion to Dismiss (Dkt. # 10, pp. 9-10), Plaintiff has not specifically asserted any allegation of sexual harassment after November 2009. In fact,

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

Plaintiff alleged that all instances of sexual harassment took place between November 2009 and some point before February 2010. (Dkt. #1, ¶¶ 11-21). His allegation of retaliation also occurred over three years ago, and, as with his harassment claim, there are no facts showing Plaintiff is immediately in danger of sustaining any direct or immediate injury. (Dkt. #1, ¶ 22). Plaintiff has not even shown a past violation, let alone a real and immediate threat of repeated injury. He does not even *allege* a real and immediate threat of repeated injury.

In summary, Plaintiff's Complaint lacks facts showing a justiciable controversy or standing, and thus fails to state a claim for declaratory relief. Plaintiff also fails to even show a past violation, let alone a real and immediate threat of repeated injury. He does not even *allege* a real and immediate threat of repeated injury. As a result, the City is entitled to judgment in its favor on the Motion to Dismiss, and Plaintiff's claims for declaratory and injunctive relief should be dismissed as a matter of law.

**D.      Plaintiff's "Reinstatement" Arguments Are Not Valid or Viable.**

**1.      Plaintiff Never Requested a Return to a Previous Assignment.**

In his Response, Plaintiff states:

In addition to seeking an award of money damages, Chief Cheatham requested equitable (e.g., declaratory and injunctive) relief in his Complaint, thereby preserving his right to request the Court to exercise its equitable power to reinstate him to the position of "South Shift Commander" at the close of evidence at trial, the position that Chief Cheatham held before he complained of sexually offensive materials in the workplace at the City of Phoenix Fire Department.

(Dkt. #13, p. 8) (emphasis in original).

Noticeably absent, however, is any reference to "reinstatement" to his previous assignment of South Shift Commander in Plaintiff's request for relief in his Complaint. (Dkt. #1, p. 7). While Plaintiff refers to this as an "involuntary transfer" (Dkt. #1, ¶ 28), he does not allege returning to his previous assignment as part of his Complaint. In fact, nowhere in his entire prayer for relief does Plaintiff ever mention an

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

"involuntary transfer" or request a "reinstatement" to his previous assignment. Plaintiff never requested this relief in his Complaint, and he only brought it before the Court in his Response to the City's Motion to Dismiss.

### 2. Reinstatement Refers to Employees Who Were Terminated or Constructively Discharged, Not a Return to a Prior Assignment that Plaintiff Preferred.

Furthermore, Plaintiff's arguments and reliance on statutory provisions misconstrue the meaning of the word, "reinstatement." As to requests for equitable relief, Title VII provides, in pertinent part:

> (1) If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission. Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable.

> (2)(A) No order of the court shall require the admission or reinstatement of an individual as a member of a union, or the hiring, reinstatement, or promotion of an individual as an employee, or the payment to him of any back pay, if such individual was refused admission, suspended, or expelled, or was refused employment or advancement or was suspended or discharged for any reason other than discrimination on account of race, color, religion, sex, or national origin or in violation of section 2000e-3(a) of this title.

42 U.S.C. § 2000e-5(g).[3]

Contrary to Plaintiff's argument, reinstatement under Title VII refers to an employee who has been terminated or constructively discharged returning to work, not a current employee returning to a previous assignment that he preferred. As the language of Title VII plainly and clearly provides, "[a] person illegally discharged is

---

[3] In his Response, Plaintiff incorrectly cites "42 U.S.C. § 2000c-5(g)." (Dkt. #13, p. 9, line 17). Section 2000c-5 discusses payments pursuant to a grant or contract and that statutory provision does not have any subsections.

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

presumptively entitled to reinstatement, as reinstatement is preferred over front pay, and should be ordered whenever it is appropriate and feasible." 14A C.J.S. Civil Rights § 675 (citing case law from the Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits).

Section 2000e-5 imposes upon plaintiffs seeking back pay and front pay a duty to mitigate damages by seeking alternative employment with "reasonable diligence." *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1020 (9th Cir. 2000) (citing 42 U.S.C. § 2000e-5(g)(1) and *Gotthardt v. National R.R. Passenger Corp.,* 191 F.3d 1148, 1157 (9th Cir. 1999) ("A court awarding front pay should consider a plaintiff's ability to mitigate her damages by finding other employment in the future.... 'Because of the potential for windfall, [front pay's] use must be tempered.' "). "Front pay" is the term used to describe damages paid as prospective compensation for training for a new job or relocating to another position. An award of front pay is made in lieu of reinstatement (after an employee has been *terminated or discharged*) when the antagonism between employer and employee is so great that reinstatement is not appropriate. *See Caudle*, 224 F.3d at 1020 (citing *Thorne v. City of El Segundo,* 802 F.2d 1131, 1137 (9th Cir. 1986) and *Fadhl v. City and County of San Francisco,* 741 F.2d 1163, 1167 (9th Cir. 1984)).

In relation to front pay, "reinstatement, when it is feasible, is the 'preferred remedy' in a discrimination suit." *See Caudle*, 224 F.3d at 1020 (quoting *Gotthardt*, 191 F.3d at 1156). Front pay is designed to compensate a plaintiff for the loss of the job when he cannot be reinstated. In other words, reinstatement refers to an employee who has been *terminated or constructively discharged. See, e.g., Nehara v. California*, 1:10-CV-00491 JLT, 2013 WL 1876122, *3 (E.D. Cal. May 3, 2013) (citing *Gotthardt*); *Weaving v. City of Hillsboro*, 3:10-CV-1432-HZ, 2012 WL 2367125, *2 (D. Or. June 21, 2012) (citing *Caudle*); *Santoni v. Potter*, CV 06-3038-CL, 2008 WL 2127939, *2 (D. Or. May 19, 2008) (citing *Caudle*, *Gotthardt*, *Thorne*).[4]   Here, Plaintiff has not been

_____

[4] Plaintiff cites *Freitag v. Ayers*, 468 F.3d 528, 547 (9th Cir. 2006) for the proposition of injunctive relief under Title VII. (Dkt. #13, p. 9). However, the employee in *Freitag* was a state employee who was <u>terminated</u>. She had a property interest in her

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

terminated or constructively discharged; as a result, he is not entitled to "reinstatement" under the statute.

### E.   Plaintiff Failed to Comply with the *Iqbal/Twombly* Standards.

Plaintiff's Complaint does not satisfy the pleading requirements set forth by the Supreme Court. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965-66 (2007).  His recitals of legal conclusions do not suffice, as such a thin pleading "does not unlock the doors of discovery for Plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S.Ct. at 1949-50.[5]

The Court need not assume that Plaintiff can prove facts different from those alleged in his Complaint. *See Armendarez v. Glendale Youth Center, Inc.*, 265 F.Supp.2d 1136, 1138 (D. Ariz. 2003) (citations omitted).  His legal conclusions couched as factual allegations should not be given a presumption of truthfulness, as "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Id.* (citations omitted).

## III.   CONCLUSION

Plaintiff's claims for declaratory and injunctive relief are deficient as a matter of law.  Plaintiff failed to identify a present, justiciable controversy and failed to make the requisite showing of standing or entitlement to relief.  As a result, this Court should grant the City's Motion to Dismiss and dismiss these claims in their entirety.

job with due process rights in continued employment, and these rights were not lost upon termination (they continued post-termination pending her administrative Personnel Board proceeding). 468 F.3d at 548.  Here, Plaintiff was never terminated, and there are no claims allegations of deprivation of a property interest or due process violations.

[5] In *Iqbal*, the Supreme Court clarified that courts may not simply accept all of Plaintiff's allegations as true or draw all reasonable inferences in the Complaint in his favor. Rather, *Iqbal* specifically instructs courts that they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949. Post-*Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but not shown - that the pleader is entitled to relief." *Id.* Under the *Iqbal* standard, Plaintiff has failed to provide sufficient factual allegations to survive dismissal.

RESPECTFULLY SUBMITTED June 27, 2013.

GARY VERBURG, City Attorney

By:   /s/ Barry H. Uhrman
BARRY H. UHRMAN
Assistant City Attorney
200 W. Washington, Suite 1300
Phoenix, Arizona  85003-1611
Attorney for City of Phoenix

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2013, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephen Montoya
MONTOYA, JIMENEZ & PASTOR, P.A
3200 North Central Avenue, Ste. 2550
Phoenix, Arizona 85012
Attorney for Plaintiff

By:   /s/ Barry H. Uhrman

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761