**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Cheatham, | No. CV-13-00641-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, | |
| Defendant. | |

Pending before the Court is Defendant City of Phoenix's Motion to Dismiss. (Doc. 10.) For the reasons discussed below, the Motion is granted in part and denied in part.[1]

**BACKGROUND**

This case arises out of a supervisor's instructions concerning and objection to sexually offensive materials in the workplace and his employer's response to that objection. Plaintiff Frank Cheatham has been employed with Defendant City of Phoenix's (the "City") Fire Department (the "Fire Department") as a Firefighter since 1979.[2] (Doc. 1, Compl. ¶ 7.) Cheatham was promoted through the ranks to the Deputy Chief Shift Commander of the South Shift Command. (*Id.* ¶ 9.)

In November 2009, Cheatham observed sexually suggestive drawings depicting

---

[1] The Parties' requests for oral argument are denied because they have had an adequate opportunity to discuss the law and evidence, and oral argument will not aid the Court's decision. See *Lake at Las Vegas Investors Group v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] The Court takes as true the allegations contained in Cheatham's Complaint at this stage of the litigation. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

1    male genitalia openly displayed in Fire Station 1. (*Id.* ¶ 11–12.) The Fire Department had
2    a policy prohibiting such materials in the workplace. (*Id.* ¶ 13.) Cheatham admonished
3    the Station supervisors that such drawings were inappropriate and would not be tolerated
4    in the future. (*Id.* ¶ 15.) After Cheatham's admonishments, the supervising Battalion
5    Chief asked Cheatham to refrain from taking his meals at the Station. (*Id.* ¶ 16.)

6          Soon after Cheatham's complaint, he observed a t-shirt with another drawing of
7    male genitalia displayed at the Fire Department's gym. (*Id.* ¶ 18.) Cheatham also received
8    in the interoffice mail two small pieces of pasta resembling male and female genitalia;
9    written on the female genitalia was Cheatham's first name. (*Id.* ¶ 19–20.)

10         In February 2010, Cheatham began hearing rumors that he would be removed
11   from his position at the Fire Department. (*Id.* ¶ 21.)  Then, in March 2010, Cheatham was
12   informed by his supervisors that he had been removed from his position and transferred
13   to the Safety Division. (*Id.* ¶ 22.) Cheatham's job responsibilities in the Division are less
14   significant than those he had as Deputy Chief Shift Commander. (*Id.* ¶ 27.) As
15   Commander, Cheatham had three full-time staff members, supervised four battalion
16   chiefs, and indirectly supervised approximately 440 firefighters. (*Id.* ¶ 25.)  In the Safety
17   Division, his job duties are undefined and do not involve supervision of firefighters,
18   personnel management, or direct reports. (*Id.* ¶ 23–24.) He also has less favorable
19   working hours than before. (*Id.* ¶ 26.)

20         The constructive demotion and sexual harassment of Cheatham was in retaliation
21   to his complaints of sexually offensive materials at the Fire Department. (*Id.* ¶ 29.) Even
22   after Cheatham's repeated complaints to authorities at the City, the City did not properly
23   investigate the complaints, halt the harassment, or remediate the retaliation. (*Id.* ¶ 31.)
24   The harassment and retaliation had a negative impact on Cheatham's psychological well-
25   being along with his employment and continues to do so. (*Id.* ¶ 33.)

26         Cheatham filed an EEOC Charge of Discrimination against the City on June 1,
27   2010. (*Id.* ¶ 34.) Cheatham received a Right to Sue Letter on January 10, 2013, (*id.* ¶ 36.),
28   and filed this action against the City on March 29.

1    In his Complaint, Cheatham alleges retaliation and sexual harassment in violation
2    of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. (*Id.* ¶¶ 1,
3    29.) He seeks declaratory and injunctive relief, nominal, compensatory, and punitive
4    damages, and attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988, 2000e-5(k). (*Id.* ¶
5    36.) The City now moves to dismiss the Complaint. (Doc. 10.) In his Response to the
6    City's Motion, Cheatham abandons his prayer for punitive damages and attorneys' fees
7    and costs pursuant to 42 U.S.C. § 1988. (Doc. 13 at 10.)

8                                   **DISCUSSION**
9    **I.    LEGAL STANDARD**
10    Rule 12(b)(6) is designed to "test the legal sufficiency of a claim." *Navarro v.*
11    *Block,* 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim
12    pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than
13    "labels and conclusions" or a "formulaic recitation of the elements of a cause of action";
14    it must contain factual allegations sufficient to "raise a right to relief above the
15    speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While "a
16    complaint need not contain detailed factual allegations . . . it must plead 'enough facts to
17    state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.,*
18    534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly,* 550 U.S. at 570). "A claim has
19    facial plausibility when the plaintiff pleads factual content that allows the court to draw
20    the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*
21    *v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Plausibility
22    requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly,*
23    550 U.S. at 555. Accordingly, a plaintiff must do more than employ "labels,"
24    "conclusions," or a "formulaic recitation of the elements of a cause of action." *Id* .

25    When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll
26    allegations of material fact are taken as true and construed in the light most favorable to
27    the nonmoving party." *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir. 1996). However,
28    legal conclusions couched as factual allegations are not given a presumption of

truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998).

## II. DECLARATORY JUDGMENT

Cheatham requests the Court to "[i]ssue a declaratory judgment that the retaliatory conduct of Defendant as described [in the Complaint] violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended . . . ." (Doc. 1 ¶ 36(A).) The Court assumes that Cheatham is seeking declaratory relief under 28 U.S.C. § 2201.

The Federal Declaratory Judgment Act (the "FDJA") states that "[i]n a case of actual controversy within its jurisdiction [with noted exceptions] . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). As the Ninth Circuit has explained, the FDJA "was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Amer. Nat. Fire Ins. Co. v. Hungerford,* 53 F.3d 1012 (9th Cir.1995), *overruled on other grounds by Gov't. Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1227 (9th Cir. 1998) (stating that the FDJA "is deliberately cast in terms of permissive, rather than mandatory, authority") (internal citation omitted).

For purposes of declaratory relief, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983) (internal citation omitted); *Blair v. Shanahan,* 38 F.3d 1514, 1519 (9th Cir. 1994) (noting that the same test applies both to requests for declaratory and injunctive relief). Further, a plaintiff who may have standing to seek damages for a past injury "does not necessarily have standing to seek prospective relief such as a declaratory judgment." *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010) (internal quotation marks and citations omitted).

Cheatham's request is based on the City's alleged retaliation in violation of Title VII. Cheatham alleges he was constructively demoted to another position within the Fire Department after he admonished personnel at the Fire Station for allowing the display of sexually offense materials. Cheatham's claim is founded wholly upon past conduct; he does, however, allege ongoing adverse effects from the retaliation. He alleges that there is still a substantial negative impact on his employment and psychological well-being. That is based on allegations that his current position with the Fire Department has significantly less responsibilities and less favorable working hours. The City argues that there cannot be ongoing effects because the alleged retaliation occurred more than three years ago in 2009 and 2010. But Cheatham has standing to seek declaratory relief because he is still in the allegedly demoted position as of the filing of this suit.

## III.   INJUNCTIVE RELIEF

Cheatham requests the Court to "[i]ssue an injunction ordering the City not to retaliate against Plaintiff in the future." (Doc. 1 ¶ 36(C).) To have standing to sue for injunctive relief, there must be a "real and immediate threat of repeated injury." *Lyons,* 461 U.S. at 102 (internal citation omitted). Past wrongs are evidence bearing on that issue. *Id.* As discussed above, however, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.* (internal citation omitted).

Although Cheatham has alleged that the City retaliated against him for objecting to sexually offensive materials in the workplace, he does not allege a real threat that the City will retaliate again. For example, he does not allege that because he was once "demoted" to another position in the Fire Department, he will be demoted yet again based on past or current protected activity. Therefore, Cheatham does not have standing to seek injunctive relief to prevent the City from retaliating against him in the future. This part of the prayer for relief will also be dismissed.[3]

---

[3] Cheatham states in his Response to Defendant's Motion that he prayed for equitable relief to reserve the right to later request reinstatement to his prior position at

1    **IV.    OTHER RELIEF**

2            Cheatham also prays for nominal and compensatory damages, and attorney's fees.

3    (Doc. 1 ¶ 36(B), (D), (E).) The City contends that "no relief could be granted to Plaintiff

4    under any set of facts that could be proved consistent with his allegations regarding these

5    claims" and requests the Court to dismiss Cheatham's claims in their entirety. (Doc. 10 at

6    12.) Assuming that the City maintains that Cheatham has not stated claims for sexual

7    harassment and retaliation in violation of Title VII, it has not argued the deficiencies in

8    Cheatham's prima facie case. Though it is possible that such a case is lacking, the City

9    has not sufficiently briefed the issue. Therefore, the Court will not dismiss Cheatham's

10   remaining prayers for relief.

11           **IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 10)

12   is granted in part and denied in part. The request for injunctive relief, punitive damages,

13   and attorneys' fees pursuant to 42 U.S.C. § 1988, (Doc. 1 ¶¶ 36(A), (C), (E)), are

14   dismissed from the Complaint.

15           Dated this 27th day of September, 2013.

16

17

18   _____

19                     /G. Murray Snow

                       United States District Judge

20

21

22

23

24

25

26

27   _____

     the Fire Department. But Cheatham did not pray for that relief in his Complaint. He is

28   precluded from now challenging on that basis dismissal of his request for injunctive
     relief.